*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

        Plaintiff-Appellant,

v

HIGHLAND PARK CITY CLERK and
HIGHLAND PARK ELECTION COMMISSION,

        Defendants-Appellees,

and

HIGHLAND PARK CITY COUNCIL,

        Intervening Defendant-Appellee.

UNPUBLISHED
June 2, 2022

No. 361544
Wayne Circuit Court
LC No. 22-005386-AW

Before: MURRAY, P.J., and CAMERON and GARRETT, JJ.

PER CURIAM.

       This appeal involves plaintiff's challenge to the eligibility of Carlton Clyburn Jr. to be on the August 2022 primary ballot for Highland Park Mayor.[1] The circuit court's May 23rd, 2022 final order denied a writ of mandamus with respect to Clyburn's candidacy. Plaintiff, Robert

---

[1]The trial court also addressed the candidacy of Rodney Patrick, who was seeking an at-large position on city council. The court granted a writ of mandamus to defendants clerk and commission to not place Patrick on the November 2022 general election ballot because Patrick was not up-to-date on election related fines, contrary to what was represented in his affidavit. A cross-appeal was filed by intervenor Highland Park City Council on June 1, 2022, but that appeal was separated from this one and assigned Docket No. 361622. *Davis v Highland Park City Clerk*, unpublished order of the Court of Appeals, entered June 1, 2022 (Docket No. 361544).

Davis, appeals as of right.[2]  For the reasons outlined below, we reverse the circuit court's order denying mandamus relief as to Clyburn, and remand for entry of an order granting that relief.[3]

## I.  BACKGROUND

The background to this case is fairly straightforward.  Clyburn is a Highland Park mayoral candidate for the upcoming August primary election.  Through this lawsuit, plaintiff argued that Clyburn was disqualified from being placed on the ballot because he did not state on his Affidavit of Identity (AOI) that his "party affiliation" was "non-partisan."  The record below is undisputed that Clyburn left blank the space on the AOI for designating party affiliation.  It is also undisputed that Clyburn was seeking election to a non-partisan office.

The trial court ultimately denied mandamus as to Clyburn, concluding that Clyburn's AOI was not in violation of the governing statute.

## II.  ANALYSIS

In *Barrow v Wayne County Election Comm*, ___ Mich App ___, ___; ___ NW2d ___ (2022), slip op at 6, we set forth the standards of review applicable to a decision granting or denying a writ of mandamus:

> When reviewing a trial court's decision whether to issue a writ of mandamus, we review de novo the trial court's determination of the existence and extent of a duty. *Bay City v Bay Co Treasurer*, 292 Mich App 156, 164; 807 NW2d 892 (2011).  But we review a trial court's ultimate decision for an abuse of discretion. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016).  An abuse of discretion occurs when the result is outside the range of reasonable and principled outcomes. *Bay City*, 292 Mich App at 164.  Any underlying issue of statutory interpretation is a question of law subject to de novo review. *Id*.  Likewise, we review de novo a trial court's decision on a motion concerning a request for declaratory judgment. *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 542; 904 NW2d 192 (2017) (citation omitted).

"To obtain the extraordinary remedy of a writ of mandamus, the plaintiff must show that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result." *Berry*, 316 Mich App at 41 (quotation marks and citations omitted).

---

[2] We previously granted plaintiff's motion to expedite the appeal. *Davis v Highland Park City Clerk*, unpublished order of the Court of Appeals, entered May 26, 2022 (Docket No. 361544).

[3] Intervenor filed a cross-appeal regarding Patrick, which has since been assigned its own docket number and will proceed separately from this appeal, as explained in n. 1 of this opinion.  Because the trial court *granted* the relief requested by plaintiff regarding Patrick, we have no reason to address here that aspect of the trial court's order.

In *Slis v Michigan*, 332 Mich App 312, 335-336; 956 NW2d 569 (2020), this Court discussed the principles governing statutory interpretation, observing as follows:

This Court's role in construing statutory language is to discern and ascertain the intent of the Legislature, which may reasonably be inferred from the words in the statute. We must focus our analysis on the express language of the statute because it offers the most reliable evidence of legislative intent. When statutory language is clear and unambiguous, we must apply the statute as written. A court is not permitted to read anything into an unambiguous statute that is not within the manifest intent of the Legislature. Furthermore, this Court may not rewrite the plain statutory language or substitute its own policy decisions for those decisions already made by the Legislature.

Judicial construction of a statute is only permitted when statutory language is ambiguous. A statute is ambiguous when an irreconcilable conflict exists between statutory provisions or when a statute is equally susceptible to more than one meaning. When faced with two alternative reasonable interpretations of a word in a statute, we should give effect to the interpretation that more faithfully advances the legislative purpose behind the statute. [Quotation marks and citations omitted.]

Plaintiff argues that the Highland Park City Clerk and Highland Park Election Commission have a clear legal duty to exclude Clyburn from the primary election ballot because his AOI failed to comply with the mandates of applicable election law. "To be included on the primary election ballot of any political party in this state, a candidate must 'have filed nominating petitions according to the provisions of' the Michigan Election Law, MCL 168.1 *et seq*., and complied with 'all other requirements' of the law. MCL 168.550. The filing of certain documents—including AOIs—is governed by MCL 168.558." *Reed-Pratt v Detroit City Clerk*, ___ Mich App ___, ___; ___ NW2d ___ (2021), slip op at 3, quoting *Nykoriak v Napoleon*, 334 Mich App 370, 376-377; 964 NW2d 895 (2020).

At issue is MCL 168.558(2), which provides in part:

*An affidavit of identity must contain* the candidate's name and residential address; a statement that the candidate is a citizen of the United States; the title of the office sought including the jurisdiction, district, circuit, or ward; *the candidate's political party or a statement indicating no party affiliation if the candidate is running without political party affiliation;* the term of office; the date of the election in which the candidate wishes to appear on the ballot; a statement that the candidate meets the constitutional and statutory qualifications for the office sought; other information that may be required to satisfy the officer as to the identity of the candidate; and the manner in which the candidate wishes to have his or her name appear on the ballot. [Emphasis added.]

The emphasized portion of the statute is what plaintiff argues was violated by Clyburn. Specifically, plaintiff argues that on his AOI, Clyburn failed to state that he had no party affiliation, which he was required to do since he was running for a non-partisan position.

The statutory requirement that the candidate running for a non-partisan office affirmatively state in the AOI that he has no party affiliation is mandatory, as the Legislature has said it "must"

be done. *Vyletel-Rivard v Rivard*, 286 Mich App 13, 25; 777 NW2d 722 (2009) (use of the term "must" "indicates that something is mandatory."). Clyburn did not comply with that provision, and thus he is not eligible to be placed on the ballot. "The failure to supply a facially proper affidavit of identity (AOI), i.e., an affidavit that conforms to the requirements of the Election Law, is a ground to disqualify a candidate from inclusion on the ballot." *Stumbo v Roe*, 332 Mich App 479, 480; 957 NW2d 830 (2020); accord *Nykoriak*, 334 Mich App at 377.

Contrary to intervenor's argument, silence in the face of a statutory command to state something affirmatively does not suffice. *Moore v Genesee Co*, ___ Mich App ___, ___; ___ NW2d ___ (2021), slip op at 3 (explaining that, because MCL 168.558(2) requires an AOI to include a statement that the candidate is a citizen of the United States and meets constitutional and statutory qualifications for the office sought, the failure to include such a statement, even if it may be done by simply checking a box on the AOI, is a "critical error" that renders an AOI "facially invalid."). Just like the statutory requirements at issue in *Moore*, the statutory requirement at issue in this case cannot be deemed a trivial matter because it has been mandated by the Legislature. *Id*. The simple fact is Clyburn failed to adhere to the statutory requirement that he affirmatively state that he was seeking a nonpartisan office.

As a result, the trial court abused its discretion in not granting a writ of mandamus and ordering defendants City Clerk and Commission to not place Clyburn on the ballot for the August 2022 primary election for Mayor of Highland Park.

We reverse the trial court's order to the extent it denied mandamus relief as to Clyburn, and remand for entry of an order instructing the Highland Park City Clerk and Highland Park Election Commission to not place Clyburn on the ballot for the August 2022 primary election for Mayor of Highland Park. We do not retain jurisdiction. This opinion shall have immediate effect pursuant to MCR 7.215(F)(2).

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett